# ROLLING PINES LIMITED PARTNERSHIP
## v. CITY of LITTLE ROCK

CA 00-165                                    40 S.W.3d 828

Court of Appeals of Arkansas
Division III
Opinion delivered March 14, 2001

*Mitchell, Blackstock, Barnes, Wagoner & Ivers*, by: *Clayton R. Blackstock*, for appellant.

*Stephen R. Giles*, for appellee.

*Steve Owings, amicus curiae,* for American Planing Association.

J OHN E. JENNINGS, Judge. This is an appeal from the denial of a conditional use permit. For reversal, appellant contends that the trial court erred in its interpretation of certain city ordinances; that the trial court failed to apply recognized presumptions and standards that accompany conditional uses; and that the trial court erred in concluding that one of the ordinances was not unconstitutionally vague. We affirm.

Appellant, Rolling Pines Limited Partnership, is engaged in the development of the Rolling Pines subdivision in southwest Little Rock. The subdivision is zoned R-2, Single-Family District. Approximately twenty-six, site-built and predominantly brick homes now occupy the western part of the subdivision. In 1994, a second phase of development began on approximately twenty lots located in the eastern part of the subdivision. Appellant encountered difficulty in generating buyer interest and decided to place manufactured homes in the subdivision. However, the City's zoning ordinances do not allow manufactured homes to be placed in an R-2 district as a matter of right. The zoning code does allow them as a conditional use, provided certain criteria are met.

Under the pertinent zoning ordinances, the City Planning Commission is given the authority to approve or disapprove conditional use permits "[a]fter detailed review of [the use's] compatibility with the area...." Little Rock Code § 36-101. The code sets out both general and specific guidelines to be used by the Commission in evaluating applications for conditional use permits. Among the general guidelines is that the "proposed land use is compatible with and will not adversely affect other property in the area where it is proposed to be located." Little Rock Code § 36-107(2). The code also provides under § 36-254(a) that conditional uses will be permitted "provided they do not have objectionable characteristics, and provided further that they otherwise conform to the provisions of this chapter." With regard to manufactured homes, the code sets out specific guidelines for conditional use permits as found in § 36-254(d)(5). That section designates the following eight "minimum" standards that apply to the placement of a manufactured home in an R-2 zone: (1) a pitched roof of three (3) in twelve (12) or fourteen (14) degrees or greater; (2) removal of all transport elements; (3) permanent foundation; (4) exterior wall finished so as to be compatible with the neighborhood; (5) orientation compatible with placement of adjacent structures; (6) underpinning with permanent

materials; (7) all homes shall be multi-sectional; and (8) off-street parking per single-family dwelling standard.

On July 19, 1996, appellant applied to the City for a conditional use permit to place nineteen manufactured homes in the subdivision. The Planning Commission Staff recommended approval of the permit after being satisfied that appellant met the eight, specific requirements of § 36-254(d)(5). However, the Commission, after hearing opposition from subdivision owners, denied appellant's application. On October 31, 1997, appellant filed another application for a conditional use permit but reduced the number of proposed manufactured homes from nineteen to five. The Commission Staff again recommended approval, but the Commission denied the permit. In both instances of denial, the Commission determined that manufactured homes did not meet the standard of compatibility and that appellant had failed to show that the placement of manufactured homes would not have an adverse effect on the neighborhood.

Appellant appealed the Commission's decision to the Little Rock City Board of Directors. After a hearing on February 17, 1998, the Board tabled the issue for further consideration. On March 17, 1998, when ten people were scheduled to speak in opposition to the permit, Mayor Dailey determined that there was no support on the Board to rescind the Commission's denial and therefore let it stand. Appellant then appealed to the Pulaski County Circuit Court, arguing that it was entitled to a conditional use permit, that the Commission's decision was arbitrary, and that the general review standards set forth in the zoning ordinances were so vague that they violated the constitutional right to due process and constituted an illegal delegation of legislative power.

As pursuant to Ark. Code Ann. § 14-56-425 (Repl. 1998), the circuit judge conducted a de novo trial. After hearing the evidence, the judge ruled in favor of the City and denied the permit. His order contained the following specific findings: (1) the eight technical requirements of § 36-254(d)(5) alone do not control the issuance of a conditional use permit but are to be considered in addition to the requirement that the use be compatible and not have an adverse effect on surrounding property; (2) appellant's application failed to meet the compatibility standard; and (3) the manufactured homes appellant proposed have a very different appearance from the site-built homes in that they have vinyl exterior and fewer options for variations in appearance. The judge also ruled that the ordinances

did not violate appellant's right to due process, nor were they so vague as to allow unbridled discretion in the Commission.

Under its first point, appellant argues that the trial court erred in its interpretation of the city's ordinances in three respects. In addressing this issue, we note that a zoning ordinance, being in derogation of common law, must be strictly construed in favor of the property owner. *Blundell v. City of West Helena,* 258 Ark. 123, 522 S.W.2d 661 (1975). However, we also apply the same rules of statutory construction to zoning ordinances as we do to statutes. *Stricklin v. Hays,* 332 Ark. 270, 965 S.W.2d 103 (1998). In interpreting a statute, we will give the words in the statute their ordinary meaning and common usage. *Burcham v. City of Van Buren,* 330 Ark. 451, 954 S.W.2d 266 (1997). In addition, we will avoid resorting to a subtle or forced construction for the purpose of limiting or extending the meaning of a statute. *Young v. Energy Transportation Systems Inc. of Arkansas,* 278 Ark. 146, 644 S.W.2d 266 (1983). Although zoning laws must be strictly construed in favor of the property owner, that does not compel a contrived result when common sense dictates otherwise. *Tillery v. Meadows Construction, Inc.,* 284 Ark. 241, 681 S.W.2d 330 (1984).

Appellant's arguments are centered upon § 36-107(2), which provides:

> The proposed land use is compatible with and will not adversely affect other property in the area where it is proposed to be located.

Appellant first argues that the trial court erred in treating the phrase "proposed land use" as meaning the proposed structure, *i.e.,* manufactured home. Appellant contends that the phrase refers instead to single family living. We disagree. This subsection is found in that portion of the code dedicated to the Commission's review of conditional use permits, and manufactured homes are specifically classified as such a conditional use. Further, a definition section of the code specifically refers to a manufactured home as a "use." *See* Little Rock Code § 36-3. It is clear to us that the phrase "proposed land use" refers to the proposed conditional use, which in this case, is manufactured housing.

Next, appellant contends that the compatibility requirement found in this subsection is controlled by the eight technical requirements specific to manufactured homes that are set out in § 36-254(d)(5). Appellant argues that the technical requirements inherently contain a compatibility determination, meaning that if an

applicant meets the eight requirements, his proposed use is necessarily considered compatible with the surrounding property. Therefore, appellant argues that, once the trial court found that there was compliance with the eight technical requirements, the court erred in making a separate compatibility determination.

■ We can accept appellant's argument that the eight requirements evidence an attempt by the city lawmakers to ensure that manufactured homes will be as harmonious as possible in structure and appearance with site-built homes. However, the eight requirements are by their own definition regarded as "minimum siting standards." The use of the term "minimum" necessarily implies that the Commission may consider matters over and above those eight requirements in assessing a conditional use.

■ Third, appellant argues that the trial court misinterpreted the word "compatible" to mean "identical." We cannot agree. The word "compatible" means "capable of existing together without discord or disharmony." Webster's Third New Int'l Dictionary 463 (1976). From our review of the trial court's decision, there is no indication that the trial court interpreted it to mean anything other than its accepted definition.

As its second issue on appeal, appellant contends that the trial court erred in failing to apply certain presumptions that accompany the review of a conditional use application. According to appellant, there are three presumptions or rules that the trial court failed to consider: (1) the presumption that a conditional use is in general harmony with the neighborhood; (2) the rule that a conditional use cannot be denied based on its inherent nature; and (3) the rule that a conditional use cannot be denied if its effect on surrounding property is no greater than the permitted use. Appellant argues that, had the court applied these principles, its findings would have been different.

■ ■ As a general proposition, we have no quarrel with appellant's recitation of these principles, which are gleaned from 83 Am. Jur.2d *Zoning and Planning* §§ 991, 992, 998, and 999 (1992). However, we do not agree that they must be applied conclusively or without regard to the requirements of an ordinance and the circumstances surrounding any particular permit application. Contrary to appellant's assertions, designating a use as a conditional one does not necessarily constitute a predetermination that the proposed use *must* be permitted. While classifying a use as a conditional one may result from a legislative determination that such a use may be

acceptable in a given district, there is no prohibition against an ordinance requiring compliance with specific and measurable criteria. *See Gorham v. Town of Cape Elizabeth,* 625 A.2d 898 (Me. 1993). To say otherwise would convert a conditional use into one that is allowed as a matter of right. As even the appellant acknowledges, the Commission is afforded some discretion in the matter:

> Basically such permits [conditional use] may issue when the appropriate municipal agency finds that certain conditions or requirements have been satisfied. That determination involves the exercise of discretion and necessitates a quasi-administrative or quasi-judicial consideration. It provides flexibility in a sense that certain uses which are not permitted as a matter of right in particular use districts may be permitted conditionally when the end result will not adversely affect the comprehensive plan for the area and is not incompatible with the permitted uses.

> . . . .

> The conditional use permit device is quite valuable in providing flexibility to the decisions of boards or commissions involved in the zoning process. It is not possible in an ordinance to pinpoint with accuaracy the potential impact of every type of use. The same general type of use, described in fairly broad terms, may be appropriate as a conditional use in one situation and not in another. The impact upon the surrounding area may differ appreciably . . . . In the conditional use permit situation, the uses will be permitted if in the discretion of the Planning Commission and the Board, certain conditions have been met — the most important one being that that the use in question will not be incompatible with the surrounding neighborhood and will not adversely affect the plan for the area.

Wright, Robert, *Zoning Law in Arkansas: A Comparative Analysis,* 3 UALR Law Journal 421, 452-53 (1980).

■ In the exercise of that discretion, it was determined that the aggregate placement of manufactured homes was not compatible with the character of the existing neighborhood, which is one that is well-established and consists of modest, well-kept homes where all but one are brick-and-frame structures. The homes in the neighborhood ranged in value from $39,450 to $51,780. There was concern as to the long-term quality of manufactured homes and the effect that manufactured housing would have on property values, questions that went unanswered due to appellant's failure to provide

an impact study as requested. The only evidence offered to show that manufactured housing would not have an adverse effect on value was an appraisal of a manufactured home located in west Little Rock. However, the court rejected the appraisal as a valid comparison because the manufactured home was situated on a large, wooded lot, whereas the proposed manufactured homes were to be situated side by side on smaller lots. On this record, we cannot agree with appellant that the application of those general principles mandated a different result.

■ Appellant's final argument is that the compatibility standard is unconstitutional for three reasons: (1) it violates the equal protection clause; (2) it violates the right to due process because of its vagueness; and (3) it is an unconstitutional delegation of legislative power because of its vagueness. The trial court made no rulings with respect to appellant's equal-protection or delegation-of-power arguments. Consequently, we do not consider them. *Martin v. Arthur,* 339 Ark. 149, 3 S.W.3d 684 (1999).

■ An ordinance is presumed to be constitutional, and the burden of proving otherwise is on the challenging party. *Craft v. City of Fort Smith,* 335 Ark. 417, 984 S.W.2d 22 (1998). A statute violates the first essential of due process of law if it either forbids or requires the doing of an act in terms so vague that persons of ordinary intelligence must necessarily guess at its meaning and differ as to its application. *Anderson v. City of Issaquah,* 851 P.2d 744 (Wash. App. 1993). The purpose of the void for vagueness doctrine is to limit arbitrary and discretionary enforcement of the law. *Id.* In the area of land use, a conditional use standard must be sufficiently specific to guide both an applicant in presenting his case and the Board in examining the proposed use. *See Wakelin v. Town of Yarmouth,* 523 A.2d 575 (Me. 1987). In determining this issue, it is permissible for a court to look not only at the face of the ordinance but also at its application to the person who has sought to comply with the ordinance and who is alleged to have failed to comply. *Anderson v. City of Issaquah, supra.*

Appellant cites *Wakelin v. Town of Yarmouth, supra,* and *Anderson v. City of Issaquah, supra,* in support of its argument that the term "compatible" is unconstitutionally vague. Neither case is particularly helpful because neither one deals directly with an ordinance that permits a planning commission to review a proposed use in light of its "compatibility." The *Wakelin* case involved an ordinance that included the terms "intensity of use" and "density of development." The court found that these terms lacked any quantitative

standard by which an applicant or the board could gauge compliance. *Anderson* involved an ordinance with phrases such as "harmonious," and "interesting," as well as "compatible," and the case was marked by numerous attempts on the part of the applicant to meet the board members' subjective concepts of acceptability. Because the board had to draw upon its own subjective "feelings" due to the absence of objective guidelines, the court held that the ordinance failed to pass constitutional muster.

More on point is the decision in *Anderson v. Peden,* 569 P.2d 633 (Or. App. 1977). As in the instant case, the municipal code designated mobile homes as a conditional use and included a "compatibility with the established neighborhood" standard. The court found that the phrase was not unconstitutionally vague. Also in *Life Concepts, Inc. v. Harden,* 562 So.2d 726 (Fla. Ct. App. 1990), the court addressed a challenge to the term "compatible" and found that it was not impermissibly vague because it has a plain and ordinary meaning that could be readily understood by reference to a dictionary. We agree that the term has a well-defined meaning and is not so vague as to leave an applicant guessing as to its import or meaning. Moreover, there is no indication that appellant was laboring under any misconception of what the ordinance required in order to obtain a permit. We conclude that appellant has not established that the ordinance is unconstitutional.

Appellant also questions whether the trial court properly conducted a trial de novo, challenges the trial court's allocation of the burden of proof, and argues that the trial court's findings concerning adverse effect are clearly erroneous. Appellant did not make these arguments in its opening brief but advances them in its reply brief. We do not consider arguments made for the first time in a reply brief. *Partin v. State Bar of Arkansas,* 320 Ark. 37, 894 S.W.2d 906 (1995).

Affirmed.

HART and CRABTREE, JJ., agree.