The Honorable Janice A. Judy State Representative 202 West Maple Street Fayetteville, AR 72701-4132
Dear Representative Judy:
I am writing in response to your request for an opinion on the following question:
 Can the City of Fayetteville, by ordinance, provide for an appeal of decisions by the city's planning commission granting or denying a conditional-use permit to the city's governing body?
RESPONSE
It is my opinion that the answer to this question is "yes."
You mention in your correspondence that you believe A.C.A. § 14-56-416
(b) (2) (B) (i) (c) is the basis for the so-called "conditional-use permits" being issued under municipal zoning ordinances. Section 14-56-416
(b) (2) (B) (i) (c) provides that "[t]he board [of zoning adjustment] may impose conditions in the granting of a variance to insure compliance and to protect adjacent property." You also state that "[a]ccording to subdivision (b) (2) (B) (ii), the board of zoning adjustment decision regarding a variance or a conditional-use permit is subject to appeal `to a court of record having jurisdiction.'" You note, however, that several Arkansas cities allow appeals to the governing body of decisions regarding conditional-use permits. You apparently question this in light of § 14-56-416 (b) (2) (B) (ii).
Section 14-56-416 (b) (2) (B) (ii) provides in full that "[d]ecisions of the board [of adjustment] in respect to the above shall be subject to appeal only to a court of record having jurisdiction." It seems clear that the "[d]ecisions of the board in respect to the above" are those decisions pertaining to requests for variances in accordance with §14-56-416 (b) (2) (B), which pertains only to variances. This would include conditional variances, which are authorized under § 14-56-416 (b) (2) (B) (i) (c). The phrase "[d]ecisions of the board in respect to the above" does not, however, in my opinion, encompass so-called "conditional uses." It is my opinion that the legislature did not have such conditional uses in mind when it authorized conditional variances under § 14-56-416 (b) (2) (B) (i) (c). In accordance with A.C.A. § 14-56-416
(b) (2) (B) (i) (b), a board of adjustment "shall not permit, as a variance, any use in a zone that is not permitted under the [zoning] ordinance." As reflected by this provision, a variance involves a use that is permitted in the particular zone. As a general matter, in the zoning process a "conditional use" is not the same as a "variance" from a use that is permitted in a particular zone. As noted by one authority on zoning matters, the "conditional use permit situation" involves "certain uses which are not permitted as a matter of right in particular use districts. . . ." See R. Wright, Zoning Law in Arkansas: A ComparativeAnalysis, 3 UALR Law Journal 421, 452. The use may be "permitted conditionally when the end result will not adversely affect the comprehensive plan for the area and is not incompatible with the permitted uses." Id. See also Rolling Pines v. City of Little Rock,73 Ark. App. 97, 100, ___ S.W.3d ___ (2001) (involving an application for a conditional use permit with regard to manufactured homes under the City of Little Rock's zoning code which, as stated by the court, "do[es] not allow manufactured homes to be placed in an R-2 district as a matter of right[,]" but which "does allow them as a conditional use, provided certain criteria are met.")
I must therefore conclude that you are incorrect in your belief that A.C.A. § 14-56-416 (b) (2) (B) (i) (c), which authorizes conditional variances, is the basis for the so-called "conditional-use permits" being issued under municipal zoning ordinances. The conditional use permit is a distinct device that has been developed in the municipal zoning process.See generally Wright, Zoning Law in Arkansas, supra. It thus follows that A.C.A. § 14-56-416 (b) (2) (B) (ii), requiring appeals to courts of record of decisions in respect to variances, is inapplicable.
A review of the pertinent City of Fayetteville ordinances reflects this distinction between a "variance" and a "conditional use." According to information submitted to this office by the Fayetteville City Attorney, conditional uses in Fayetteville are decided by the Planning Commission. It appears that the process is similar to that under Little Rock's zoning ordinances, as reflected in Rolling Pines, supra. In Rolling Pines, the Little Rock Planning Commission denied the manufactured home conditional use permit application. The applicant appealed the Commission's decision to the Little Rock City Board of Directors pursuant to the zoning code.73 Ark. App. at 101. There is no indication in the reported decision that this process was questioned or challenged.
It is my opinion that there is no prohibition against a city providing for an appeal of its planning commission's decisions regarding conditional use permits to the city's governing body. The provisions of A.C.A. § 14-56-416 (b) (2) do not, in my opinion, address the conditional use permit. In accordance with § 14-56-416 (a) (3) (C), the zoning ordinance may provide for "compatible uses" and for "elimination of uses" and it may provide for "such other matters as are necessary to the health, safety, and general welfare of the municipality." The ordinance shall also "include provisions for administration and enforcement." Id.
at subsection (a) (3) (D). In my opinion, these provisions afford ample basis for such an appeal process involving conditional use permits.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh