BENTON COUNTY STONE CO., INC. *v.*
BENTON COUNTY PLANNING BOARD; Benton County,
Arkansas; O.F. Duffield, Sue Ann Duffield, Frederic Dohle,
Bertha Dohle, James Dohle, Katherine Dohle, Richard Lubera, Jr.,
Karen Lubera, and Mike Wishon

08-291                                                          288 S.W.3d 653

Supreme Court of Arkansas
Opinion delivered October 30, 2008

*The Watkins Law Office, PLLC*, by: *Jay A. Edwards*, for appellant.

*Robin Green*, Benton County Att'y, for appellees Benton County Planning Board and Benton County, Arkansas.

*Lisle Law Firm, P.A.*, by: *Chris Lisle*, for appellees O.F. Duffield, Sue Ann Duffield, Frederic Dohle, Katherine Dohle, Richard Lubera, Jr., Karen Lubera, and Mike Wishon.

ELANA CUNNINGHAM WILLS, Justice. The appellant, Benton County Stone Co., Inc., appeals an order of the Benton County Circuit Court affirming the decision of the Appeal Review Board of the Benton County Planning Board to deny Benton County Stone's application for a permit to build a rock quarry.

Benton County Stone initially sought a permit from the Benton County Planning Board ("the Planning Board") to build a rock quarry in an unincorporated area of Benton County. The Planning Board granted its approval on November 16, 2005. However, a group of landowners appealed the Planning Board's

decision to the Benton County Appeal Review Board ("the Review Board"), and the Review Board reversed the Planning Board's decision, finding that the proposed development was not compatible with surrounding land uses. Affidavits of two of the three members of the Review Board indicate that the Review Board conducted an on-site review of the proposed quarry site on January 4, 2006, and held a hearing on the issue that same day. They further aver that, upon conclusion of the hearing, the Review Board unanimously voted to deny the development request as being incompatible with surrounding uses. The decision was "made based on the on-site review and other evidence considered."

Benton County Stone appealed the Review Board's decision to the Benton County Circuit Court on January 27, 2006, arguing that its proposed quarry was compatible with surrounding uses. In the alternative, Benton County Stone argued that the standard of review based upon "compatibility" was unconstitutionally void for vagueness. The circuit court rejected Benton County Stone's arguments and upheld the decision of the Review Board. The court also determined that the standard of compatibility in the ordinance was not so void as to be unconstitutionally vague.[1] Benton County Stone filed a timely notice of appeal, and it now raises three arguments for reversal, none of which has merit.[2]

Under Arkansas Code Annotated section 14-17-211 (Repl. 1998), appeals from final action taken by administrative, quasi-judicial, and legislative agencies concerned in the administration of the county planning statutes "may be taken to the circuit court of the appropriate county where they shall be tried *de novo* according to the same procedure applicable to appeals in civil actions from decision of inferior courts, including the right of trial by jury." Our standard of review of a circuit court's finding following a

---

[1] The circuit court also subsequently denied Benton County Stone's motion for reconsideration or for new trial.

[2] When Benton County Stone filed its opening brief, its Addendum did not contain a copy of the ordinance that it challenges. In response, appellees O.F. Duffield and others argued that Benton County Stone's appeal should be dismissed for failure to comply with this court's abstracting rules. Subsequently, Benton County Stone filed a motion to supplement the Addendum and file a substituted brief. This court granted the motion on July 23, 2008, and on August 22, 2008, Benton County Stone filed its substituted brief containing the ordinance in the Addendum.

bench trial is whether that finding was clearly erroneous. *Burke v. Elmore*, 341 Ark. 129, 14 S.W.3d 872 (2000). However, questions of statutory and constitutional construction are reviewed by this court de novo. *See Wilson v. Weiss*, 370 Ark. 205, 258 S.W.3d 351 (2007); *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999).

In its first point on appeal, Benton County Stone argues that the circuit court erred in determining that the Benton County planning ordinance was not void for vagueness. An ordinance is presumed to be constitutional, and the burden of proving otherwise is on the challenging party. *Craft v. City of Fort Smith*, 335 Ark. 417, 984 S.W.2d 22 (1998). A statute will pass constitutional scrutiny under a "void for vagueness" challenge if the language conveys sufficient warning when measured by common understanding and practice. *Night Clubs, Inc. v. Fort Smith Planning Comm'n*, 336 Ark. 130, 984 S.W.2d 418 (1999). However, a law is unconstitutionally vague under due process standards if it does not give a person of ordinary intelligence fair notice of what is prohibited and is so vague and standardless that it allows for arbitrary and discriminatory enforcement. *Craft, supra*. Stated another way, a statute must not be so vague and standardless that it leaves judges free to decide, without any legally fixed standards, what is prohibited and what is not on a case-by-case basis. *Ark. Tobacco Control Bd. v. Sitton*, 357 Ark. 357, 166 S.W.3d 550 (2004).

Moreover, the subject matter of the challenged law also determines how stringently the vagueness test will be applied. For instance, if the challenged law infringes upon a fundamental right, such as liberty or free speech, a more stringent vagueness test is applied. *Craft, supra* (citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489 (1982)). In contrast, if the law merely regulates business activity, a less stringent analysis is applied and more flexibility is allowed. *Id.*

In this case, Benton County Stone argues that the Planning Board's ordinance concerning large scale plan requirements is void for vagueness. Specifically, Benton County Stone challenges the concept of "land use compatibility" as set out in the ordinance. The "Land Use Compatibility" portion of the "Site Development Requirements" contained in the ordinance at section 2(B)(4) provides as follows:

> A. *Development Patterns.* Must be consistent and compatible with existing development and the environment.

1) *Clustering.* Commercial and industrial developments are encouraged to cluster to minimize incompatible land-use.

2) *Right to Farm.* Any industrial and commercial development(s) that could limit the viability of existing agricultural uses are discouraged.

3) *Right to Operate.* Residential development that could limit the viability of existing commercial and industrial operations are discouraged.

Section 4(D)(2) then states that the Planning Board "may deny the application because of noncompliance with items addressed in this code, incompatible development, protecting the public safety and health, or any violation of an existing state and/or county law, regulation, or ordinance."

The circuit court determined that the terms "compatibility" or "incompatibility" were "not so vague in this case as to be constitutionally void for vagueness[,] . . . especially . . . where, as here, the County Planning Board's discretion is limited by ordinance." Benton County Stone, however, argues that the provisions set out above are unconstitutionally vague because the concept of land use compatibility is "ambiguous and confusing." It urges that the concept of compatibility is "defined" by the three enumerated issues (i.e., clustering, right to farm, and right to operate) and contends that this definition of compatibility is laid out only "in terms of encouragement or discouragement . . . for and from certain uses." These three enumerated factors, it argues, do not make compatibility a requirement, but the ordinance nonetheless permits a permit to be denied on the basis of incompatibility. This "contradictory" language, Benton County Stone insists, renders the ordinance void for vagueness.

■ The question of whether a land-use statute or ordinance is void for vagueness was discussed by the court of appeals in *Rolling Pines Ltd. Partnership v. City of Little Rock*, 73 Ark. App. 97, 40 S.W.3d 828 (2001), as follows:

> A statute violates the first essential of due process of law if it either forbids or requires the doing of an act in terms so vague that persons of ordinary intelligence must necessarily guess at its meaning and differ as to its application. *Anderson v. City of Issaquah*, 851 P.2d 744 (Wash. App. 1993). The purpose of the void for vagueness doc-

> trine is to limit arbitrary and discretionary enforcement of the law. *Id.* In the area of land use, a conditional use standard must be sufficiently specific to guide both an applicant in presenting his case and the Board in examining the proposed use. *See Wakelin v. Town of Yarmouth*, 523 A.2d 575 (Me. 1987). In determining this issue, it is permissible for a court to look not only at the face of the ordinance but also at its application to the person who has sought to comply with the ordinance and who is alleged to have failed to comply. *Anderson v. City of Issaquah, supra.*

*Rolling Pines*, 73 Ark. App. at 105, 40 S.W.3d at 834.

In *Rolling Pines, supra*, the City of Little Rock denied a conditional use permit to Rolling Pines Limited Partnership, a developer who wanted to place manufactured homes in a subdivision that had been zoned R-2, or single family use. The Little Rock Code granted the City Planning Commission the authority to approve or disapprove conditional use permits after a "detailed review of [the use's] compatibility with the area." The Code further established guidelines for evaluating applications for conditional use permits; among those guidelines was a requirement that the "proposed land use is compatible with and will not adversely affect other property in the area where it is proposed to be located." *Rolling Pines*, 73 Ark. App. at 100, 40 S.W.3d at 831 (citing Little Rock Code § 36-107(2)).

After its application was denied, Rolling Pines appealed to the Little Rock City Board of Directors, which upheld the Commission's denial. Rolling Pines then appealed to the Pulaski County Circuit Court and argued, among other things, that the ordinance under which the permit was denied was so vague as to allow unbridled discretion in the Commission. *Id.* at 102, 40 S.W.3d at 832.

On appeal to the court of appeals, Rolling Pines continued its argument that the ordinance was unconstitutionally void for vagueness. The court of appeals disagreed, concluding that the term "compatible" had a well-defined meaning and was not so vague as to leave an applicant guessing as to its import or meaning. *Id.* at 106, 40 S.W.3d at 835 (citing *Anderson v. Peden*, 568 P.2d 633 (Or. Ct. App. 1977) (holding that the word "compatible" was not impermissibly vague because it has a plain and ordinary meaning that could be readily understood by reference to a dictionary)). Accordingly, the court of appeals concluded that Rolling Pines had not established that the ordinance was unconstitutional. *Id.*

Similarly, in the instant case, the ordinance requires that the proposed development be "consistent and compatible with existing development and the environment." The word "compatible" has a plain and ordinary meaning. The *Oxford English Dictionary* defines the word as meaning "[m]utually tolerant; capable of being admitted together, or of existing together in the same subject; accordant, consistent, congruous, agreeable." *See Oxford English Dictionary* (2d ed. 1989), http://dictionary.oed.com/ (search "Find Word" for "compatible"). Likewise, according to the *American Heritage College Dictionary*, "compatible" means "[c]apable of existing or performing in harmonious, agreeable, or congenial combination." *See American Heritage College Dictionary* 284 (3d ed. 1997).

That the ordinance goes on to discuss practices that are "encouraged" or "discouraged" does not mean, as Benton County Stone suggests, that "compatibility" is "defined in terms of a suggestion or preference." The court of appeals addressed a similar argument in *Rolling Pines, supra*, in which the developer argued that the compatibility requirement in the challenged ordinance was controlled by eight technical requirements specific to manufactured homes that were set out in the city ordinance. Rolling Pines contended that these technical requirements "inherently contain a compatibility determination, meaning that if an applicant meets the eight requirements, his proposed use is necessarily considered compatible with the surrounding property." *Rolling Pines*, 73 Ark. App. at 103, 40 S.W.3d at 832. The court of appeals disagreed, noting that the eight requirements were, by their own definition, regarded as minimum standards. The court concluded that the "use of the term 'minimum' necessarily implies that the [Little Rock Planning] Commission may consider matters over and above those eight requirements in assessing a conditional use." *Id.*, 40 S.W.3d at 833.

Similarly, here, the ordinance provides that proposed development patterns "must be consistent and compatible with existing development and the environment." (Emphasis added.) The use of the word "must" makes this provision mandatory. *See, e.g., Slusser v. Farm Serv. Inc.*, 359 Ark. 392, 198 S.W.3d 106 (2004) (words or phrases that are generally regarded as making a provision mandatory include "shall" and "must"). We conclude that the three clauses that follow the overarching "compatibility" requirement are to be considered as factors that guide the exercise of the

Review Board's discretion. As the circuit court correctly concluded, their presence does not render the mandatory clause unconstitutionally vague.

In its next argument, Benton County Stone urges that the circuit court erred in determining that the Review Board operated under "discretionary restraints" in denying the permit. The circuit court's opinion stated that the term "compatibility" was not so vague as to be unconstitutional, "especially . . . where, as here, the County Planning Board's discretion is limited by ordinance. Further, the record is replete with evidence that the County considered the compatibility of Benton County Stone's proposed quarry in the context of the ordinance's discretionary restraints." Although Benton County Stone has set this contention out as a second point on appeal, it relates to the point discussed above concerning whether the ordinance is unconstitutionally vague. When the circuit court mentioned "discretionary restraints" in its order, it was essentially concluding that the ordinance does not grant unbridled discretion in the Review Board. As concluded above, the circuit court did not err in this decision.

In its third point on appeal, Benton County Stone asserts that the trial court was required to apply a strict construction of the planning ordinance. *See, e.g., Blundell v. City of West Helena,* 258 Ark. 123, 522 S.W.2d 661 (1975) (zoning ordinances, being in derogation of the common law, are to be construed strictly); *Rolling Pines, supra.* However, given the language used in the circuit court's order, it is impossible to tell how the court construed the regulation. The relevant paragraph of the court's order reads as follows:

> This de novo appeal by Benton County Stone ("BCS") is denied. The term "compatibility" or "incompatibility" is not so vague in this case as to be constitutionally void for vagueness. *Rolling Pines Ltd. Partnership v. City of Little Rock,* 73 Ark. App. 97, 40 S.W.3d 828 (2001). This is especially true where, as here, the County Planning Board's discretion is limited by ordinance. Further, the record is replete with evidence that the County considered the compatibility of BCS's proposed quarry in the context of the ordinance's discretionary restraints.

From this, it is not readily apparent that the court did not construe the regulation strictly. The mere fact that Benton County Stone disagrees with the court's conclusion does not mean that the

court applied anything other than a strict construction; further, Benton County Stone points to nothing specific — other than stating that the trial court "made no indication as to whether it strictly construed the ordinance" — that would support a conclusion that the court did *not* so construe it. In short, Benton County Stone makes no compelling argument that, even had the trial court strictly construed the ordinance, the ordinance would have been determined to be void for vagueness.

Affirmed.