2017 ND 193

**WILLIAMS COUNTY, North Dakota,
Plaintiff and Appellant**

v.

**DON SORENSON INVESTMENTS,
LLC, Don Sorenson, and Caleb Soren-
son, Defendants and Appellees**

No. 20160451

Supreme Court of North Dakota.

Filed 7/31/2017

Karen S. Prout, Assistant State's Attorney, Williston, ND, for plaintiff and appellant.

Ariston E. Johnson, Watford City, ND, for defendants and appellees.

Kapsner, Justice.

[¶ 1] Williams County appeals a district court judgment granting summary judgment in favor of Don Sorenson Investments, LLC, Don Sorenson, and Caleb Sorenson. The judgment also denied the County's cross-motion for summary judgment and dismissed the County's complaint against the Sorensons for violations of county zoning ordinances and maintenance of a public nuisance relating to the Sorensons' use of their property. We reverse and remand.

I

[¶ 2] Don Sorenson Investments owns residentially-zoned property in Williams County. In March 2015, Don Sorenson requested a zone change for the property from residential to commercial to "conduct small commercial business" on the property. A site inspection following Sorenson's request indicated the property was being used to store semi-trucks, gooseneck flatbed trailers, bulk fuel tanks, and shipping containers. A staff report prepared for the Williams County Board of County Commissioners stated Sorenson had been out of compliance since October 2014 for operating a trucking oilfield business on the property without the County's permission. Williams County Code Enforcement Officer Kameron Hymer stated at the hearing on Sorenson's request that the property was in violation of the ordinances because "[t]hey have moved commercial trucks in again." The Board of County Commissioners denied Sorenson's request and ordered removal of all commercial items from the property by August 1, 2015. Sorenson ap-

pealed the Board's decision, and the district court affirmed.

[¶ 3] In October 2015, Williams County sued Don Sorenson Investments, Don Sorenson, and Caleb Sorenson for violating zoning ordinances and maintaining a public nuisance. The County alleged the Sorensons were operating a commercial business by having semi-trucks, commercial vehicles, and commercial equipment on the residentially-zoned property. The County sought an order requiring the Sorensons to cease commercial business operations and remove the semi-trucks and other commercial items from the property. The County also requested civil penalties of $1,000.00 per day per violation from August 1, 2015, to the date the commercial business operations are ceased and the commercial items are removed from the property.

[¶ 4] In December 2015, the County moved for a preliminary injunction, alleging the Sorensons continued to use the property for commercial purposes. The County requested that the Sorensons be required to cease commercial operations and remove all commercial items from the Sorenson property. The County requested civil penalties of $126,000.00 for zoning ordinance violations from August 1, 2015, to December 4, 2015. At the hearing the County withdrew its request for civil penalties until later in the proceedings. The district court denied the preliminary injunction, concluding the County's request for the injunction was vague because the zoning ordinances do not define "commercial."

[¶ 5] The Sorensons moved for summary judgment, arguing the County did not indicate which provisions of the zoning ordinances they violated and did not provide specific details regarding the commercial business alleged to have been operated on the property. The County opposed the Sorensons' motion and filed a cross-motion for summary judgment. The County argued administrative res judicata prevented the Sorensons from challenging the zoning violations on their property because the Board of County Commissioners had already determined they were in violation. The County argued that after August 1, 2015, the Sorensons continued to have numerous semi-trucks, trailers, shipping containers, and bulk fuel tanks on their property. The County also alleged the Sorensons removed two bulk fuel tanks from the property after the County requested entry on the property to inspect the fuel tanks. The County argued the Sorensons should be sanctioned for spoliation of evidence.

[¶ 6] The district court granted the Sorensons' motion for summary judgment and denied the County's cross-motion for summary judgment. The court concluded the zoning ordinances did not define "commercial," "commercial operation," or "commercial item" so as to give the Sorensons proper notice of what constituted a zoning violation. The court concluded res judicata did not apply, denied the County's request for sanctions for spoliation of evidence, denied its request for civil penalties, and dismissed the County's complaint.

II

[¶ 7] Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences to be drawn from the undisputed facts. *Tarnavsky v. Rankin*, 2009 ND 149, ¶ 7, 771 N.W.2d 578. The party resisting the motion must present competent admissible evidence by affidavit or by directing the court to relevant evidence in the record raising a genuine issue of material fact. *Rooks v. Robb*, 2015 ND 274, ¶ 10, 871

N.W.2d 468; N.D.R.Civ.P. 56(e). On appeal, the party opposing the motion will be given all favorable inferences that may be reasonably drawn from the evidence. *Rooks*, at ¶¶ 6, 10. Whether summary judgment was proper is a question of law reviewed de novo on the record. *Id.* at ¶ 6.

### III

■ [¶.8] Williams County argues the district court erred in granting the Sorensons' motion for summary judgment and denying its cross-motion for summary judgment. The County argues the district court erred in concluding administrative res judicata did not preclude the Sorensons from challenging the existence of zoning violations on their property. The County argues the earlier proceedings before the Board of County Commissioners preclude the Sorensons from relitigating the existence of zoning violations.

■ [¶ 9] Res judicata prevents the relitigation of claims that were raised, or could have been raised, in a prior action between the same parties or their privies and were resolved by a final judgment in a court of competent jurisdiction. *Cridland v. ND Workers Comp. Bureau*, 1997 ND 223, ¶ 17, 571 N.W.2d 351. "Administrative res judicata is the judicial doctrine of res judicata applied to an administrative proceeding." *Id.* at ¶ 18.

■ [¶ 10] This Court has given preclusive effect to decisions by local political subdivisions such as county commissions. *United Hosp. v. D'Annunzio*, 466 N.W.2d 595, 599 (N.D. 1991) (citing *Shark Bros., Inc. v. Cass Cty.*, 256 N.W.2d 701 (N.D. 1977); *Olson v. Cass County*, 253 N.W.2d 179 (N.D. 1977)). We apply administrative res judicata more cautiously than judicial res judicata, taking into consideration "(1) the subject matter decided by the administrative agency, (2) the purpose of the administrative action, and (3) the reasons for

the later proceeding." *Cridland*, 1997 ND 223, ¶ 18, 571 N.W.2d 351. Administrative res judicata is more likely to apply when an administrative agency decides issues in a "trial-type procedure." *Id.* at ¶ 19.

[¶ 11] The County argues administrative res judicata prohibits the Sorensons from challenging the zoning violations on their property on the basis of the Board of County Commissioners' decision denying the Sorensons' request for a zone change. The County argues the Sorensons' zoning violations were decided by the Board of County Commissioners. We disagree.

[¶ 12] The earlier proceedings before the Board of County Commissioners related to the Sorensons' request for a zone change to their property, not whether the Sorensons' use of their property violated zoning ordinances. The Sorensons' noncompliance with the zoning ordinances was a factor in the Board's denial of their request for a zone change, but the primary purpose of the proceeding was not to determine whether the Sorensons were in violation. The district court's order affirming the Board's denial of the Sorensons' request indicated the Board "considered existing zoning violations on Mr. Sorenson's lot as a factor in its decision." The Sorensons' noncompliance with the zoning ordinances was ancillary to the Board's final decision denying the Sorensons' request for a zone change. The district court did not err in concluding administrative res judicata did not apply.

### IV

■ [¶ 13] Williams County argues the district court erred in granting the Sorensons' motion for summary judgment and dismissing its complaint. The County argues the court erred in concluding the County's zoning ordinances do not define the term "commercial," and do not give

proper notice of what constitutes a zoning violation.

[¶ 14] Section III of the County's zoning ordinance and subdivision regulations discuss the various zoning districts. The Sorensons' property is located in a residential district. The purpose of a residential district under Section III(D) of the ordinances "is to provide for the orderly development of rural non-farm residences which may have either individual or collective (Public) sewer and water facilities, and also residences in a small community setting with public sewer and water facilities." A residential district includes nine permitted uses under Section III(D)(3):

a. Agriculture, except that once lot development begins to occur, agricultural activities shall be limited to those which are nonoffensive to other permitted uses in the district.

b. Farm animals provided there is a minimum lot area of one acre, and no more than one animal unit per one-half acre of land.

c. Single family dwelling units, including mobile homes.

d. Churches, schools and related facilities.

e. Public parks, playground and other recreational facilities to serve the R-District.

f. Public libraries, museums and community centers.

g. Fire and police stations.

h. Home occupations as an accessory use.

i. Accessory buildings.

[¶ 15] The County's complaint alleged the Sorensons' property was inspected on August 4, 2015, and "commercial items continued to be placed, located, and/or used on the Subject Property, and that a commercial business was still operating on the property." The complaint alleged the Sorensons had not been granted a conditional use permit for the property. The County claimed the Sorensons violated Williams County Zoning Ordinances Section III by "placing, locating, and/or using, or in causing or with knowledge permitting the placement, location, and/or use of, semi-trucks, commercial vehicles, commercial equipment, on the Subject Property." The complaint states Section III "enumerates the permitted uses for real property located in the Residential zoning district and does not include Defendants' use described herein." *Id.* The complaint alleged the Sorensons' "actions in operating a commercial business on the Subject Property are in violation of Williams County Zoning Ordinances Section III."

[¶ 16] In its order denying the County's request for a preliminary injunction, the district court stated the County was unlikely to succeed on the merits because the zoning ordinances do not define "commercial:"

[T]he County seemingly has sole discretion in deeming items "commercial." The 1987 County Zoning Ordinances with the 2003 and 2010 amendments do not define "commercial."

. . .

As discussed earlier, the County Zoning Ordinances do not define relevant terms such as "commercial," "commercial operation," "commercial item," or "commercial vehicle." The alleged violations, per Mr. Kameron Hymer's inspection on May 13, 2015 included "semi-trucks, enclosed trailers, gooseneck trailers, bulk fuel tanks, commercial shipping containers, and numerous work trucks." Although one could reasonably infer these are "commercial items" based on general knowledge and experience, North Dakota law requires "a fair and precisely drawn notice of the injunctive prohibitions." *Riemers [v. Jaeger,*

2013 ND 30,] ¶ 25, [827 N.W.2d 330]. . . . Thus, the County does not have a substantial likelihood of succeeding on the merits because the alleged violations are not defined in the County Zoning Ordinances.

Subsequently, in granting the Sorensons' motion for summary judgment and dismissing the County's complaint, the court again noted that the zoning ordinances do not define "commercial:"

An application of the provision of the ordinance to the purported violation by the County does not give a clear indication to the Defendants of what zoning ordinance is specifically violated. The court had previously concluded in its Order Denying Preliminary Injunction that the 1987 County Zoning Ordinances with the 2003 and 2010 amendments do not define "commercial." There is no change in the ordinance since the time of the Court's order for the preliminary injunction; as a result, the Court's view as it relates to the definition of "commercial" still stands. "Without proper notice of what constitutes a violation of the law, a person is denied due process." *State v. Ehli*, 2003 ND 133, ¶ 10, 667 N.W.2d 635. The Defendants' argument that the county, in exercising its police power, could in its sole discretion, designate an item a "commercial item" and ultimately charge a person with a crime under N.D.C.C. § 11-33-21 [relating to maintenance of a public nuisance] defeats the purpose of fundamental due process.

[¶ 17] The County argues the district court erred in not applying the plain, ordinary, commonly understood meaning of the word "commercial." Additionally, the County argues it presented sufficient evidence to raise a genuine issue of material fact.

[¶ 18] One of the Sorensons' primary arguments is the County's complaint does not indicate which provisions of the zoning ordinances were violated by their use of the property and does not provide any details about the alleged commercial business operated on the property. The district court agreed and emphasized the zoning ordinances do not define "commercial." The County's complaint plainly alleged the Sorensons' use of their property violated Section III of the zoning ordinances because their use of the property is not one of the permitted uses in a residential district under Section III(D)(3).

[¶ 19] The district court concluded the zoning ordinances do not provide the Sorensons a clear indication of what zoning ordinance they violated because the ordinances do not define "commercial." The primary issue here is not whether the Sorensons' use of their property was commercial, but whether their use was one of the nine permitted uses in a residential district. The district court did not conclude, nor did the Sorensons argue, the zoning ordinances were unconstitutionally vague because the term "commercial" is not defined. However, to the extent the court's conclusion could be construed as such, numerous courts have held a zoning ordinance is not unconstitutionally vague because it contains an undefined term. *See Ogden v. Zoning Bd. of Appeals of Town of Columbia*, 157 Conn.App. 656, 117 A.3d 986, 995-96 (Conn.Ct.App.2015); *Benton Cty. Stone Co., Inc. v. Benton Cty. Planning Bd.*, 374 Ark. 519, 288 S.W.3d 653, 657 (2008); *Bushey v. Town of China*, 645 A.2d 615, 617-18 (Me. 1994) (ordinance's failure to define "commercial use" did not render ordinance unconstitutionally vague); *City of Los Altos v. Barnes*, 3 Cal.App.4th 1193, 5 Cal.Rptr.2d 77, 83-86 (1992).

[¶ 20] In opposition to the Sorensons' motion and in support of its own cross-motion for summary judgment, the County included the affidavit of Williams County Code Enforcement Officer Kameron Hymer. In his affidavit, Hymer stated he inspected the Sorenson property numerous times after August 1, 2015, the date on which the Sorensons were ordered by the Board of County Commissioners to remove commercial items from the property. During those inspections Hymer observed semi-trucks with the logos "All In Oilfield Services," "DC&B," and "Ponderay Welding," gooseneck trailers, shipping containers, and bulk fuel tanks. Hymer's affidavit also included a copy of an online business record from the secretary of state indicating the addresses for the Sorensons' property and All In Enterprises, LLC's principal office are the same.

[¶ 21] Under N.D.R.Civ.P. 56(e)(1), "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." A party opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must, by affidavits or as otherwise provided in this rule, set out specific facts showing a genuine issue for trial." N.D.R.Civ.P. 56(e)(2).

[¶ 22] Here, Hymer's affidavit set out specific facts based on his personal knowledge indicating the Sorensons' use of the property was not a permitted use in a residential district. We conclude the County presented sufficient evidence to establish a genuine issue of material fact as to whether the Sorensons' use of the property violated Section III(D)(3) of the County's zoning ordinances. We reverse that part of the judgment granting summary judgment in favor of the Sorensons, denying the County's cross-motion for summary judgment, and dismissing the County's complaint. We remand for further proceedings on the County's complaint and cross-motion for summary judgment, including the County's request for civil penalties and allegation of spoliation of evidence against the Sorensons.

V

[¶ 23] The County argues the district court erred in denying its request for civil penalties against the Sorensons. The County argues it did not withdraw its request for civil penalties.

[¶ 24] In denying the County's request for civil penalties, the district court stated, "The issue of civil penalties was already addressed by the court. On February 19, 2016, the court was informed at the motion hearing by the County that it no longer sought civil penalties against the [Sorensons]."

[¶ 25] At the hearing on its motion for a preliminary injunction, the County's attorney stated, "I've decided to withdraw the request for civil penalties at this stage in the game, and hold off until the final one—." In a subsequent exchange, the County's attorney again stated the issue of civil penalties was being placed "on the back burner," and the district court stated, "No, I understand. That still has to be dealt with." We conclude the County did not withdraw its request for civil penalties. The County made clear it was withdrawing its argument on civil penalties solely for the purpose of the preliminary injunction hearing.

VI

[¶ 26] The judgment granting the Sorensons' motion for summary judgment, denying the County's cross-motion for summary judgment, and dismissing the County's complaint is reversed and remanded for further proceedings.

[¶ 27] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.