Jensen, Justice.
 

 [¶ 1] Sandy Botteicher ("Botteicher") appeals from a judgment dismissing her claims against Pam and Darwin Becker (collectively "Beckers") and awarding the Beckers $5,000 for their attorney fees. Botteicher challenges the district court's determination that some of her claims were previously resolved in separate probate proceedings and were barred by res judicata, that her claim for interference with the right of burial and her claim for intentional infliction of emotional distress could be dismissed as a matter of law, and that the Beckers were entitled to an award of attorney fees. We affirm the judgment.
 

 I
 

 [¶ 2] Botteicher and Pam Becker are sisters and heirs to their mother's estate. Following the death of their father in January 2015, Pam Becker was appointed legal guardian for their mother who was residing in a nursing home. Their mother died in July 2015. A third party was appointed personal representative of their mother's estate ("the estate").
 

 [¶ 3] As part of the process to close the probate court proceedings, the personal representative compiled and provided to the court an inventory and appraisement for the estate. Following the filing of the closing documents by the personal representative, Botteicher filed a number of petitions or motions. In her petitions, Botteicher sought to set aside what the parties refer to as the "Warehouse" transaction, a real property transfer in Dickinson that occurred in 2010 and 2011. Botteicher also requested an evidentiary hearing, objected to the final accounting, sought formal testacy proceedings, sought the disqualification of the attorney representing
 
 *864
 
 the personal representative, moved for the appointment of herself as the personal representative and sought to keep the estate open by alleging that numerous items of her mother's personal property were missing from the inventory and appraisement.
 

 [¶ 4] The probate court denied all of the petitions or motions filed by Botteicher. The court denied the petition seeking to set aside the Warehouse transfer after concluding the personal representative, not Botteicher, had "standing" to assert an action to challenge the Warehouse transfer in the probate proceedings, and that the request to set aside the property transfer was "not properly in front of the Court." In the probate proceedings, Botteicher was attempting to personally initiate an action against the Beckers to set aside a transfer made by the decedent. On December 30, 2016, the probate court issued an order approving the inventory and appraisement as well as the final account and distribution. Botteicher did not appeal the final decree of distribution.
 

 [¶ 5] Approximately one month after the probate proceedings were closed, Botteicher and her daughter, Alexandra Botteicher ("Alexandra"), brought this action against the Beckers. Botteicher and her daughter alleged the Beckers had a conflict of interest and took advantage of a vulnerable adult when the Warehouse and other property were transferred. Botteicher alleged that all of the transactions between Pam Becker and their father should be voided because Pam Becker violated her fiduciary duties under a power of attorney. Botteicher alleged Pam Becker was guilty of misrepresentation in relation to warranty deeds for the property. Botteicher alleged Darwin Becker converted personal property that was not included in the probate inventory. Botteicher alleged "Intentional Infliction of Emotional Harm and Interference with Right of Burial" because Pam Becker had their father cremated without informing Botteicher and by denying Botteicher access to the ashes. Alexandra also alleged personal claims against the Beckers.
 

 [¶ 6] The Beckers moved to dismiss the claims and requested an award of attorney fees asserting that the claims were frivolous. The district court concluded all claims relating to the Warehouse and other property were barred by res judicata because those claims either were or could have been raised during the probate proceedings. The court alternatively held that Botteicher lacked standing to bring those claims. The court rejected the interference with burial rights claim after concluding that Pam Becker had the legal right to make burial decisions regarding their father and that Botteicher lacked standing because she had no right to control or to participate in the burial. The court dismissed the intentional infliction of emotional distress cause of action on the ground that Botteicher had failed to state a claim because Botteicher did not allege conduct that satisfied the threshold element of the tort. The court dismissed without prejudice Alexandra's claim for conversion for failure to state a claim upon which relief could be granted. The court found that Botteicher's claims were frivolous and awarded the Beckers $5,000 in attorney fees. Botteicher appealed, but Alexandra did not appeal.
 

 II
 

 [¶ 7] Botteicher argues the district court erred in ruling res judicata barred the claims relating to the Warehouse and other property.
 

 [¶ 8] Res judicata is a question of law, which we review de novo.
 
 See, e.g.
 
 ,
 
 Chapman v. Wells
 
 ,
 
 557 N.W.2d 725
 
 , 728 (N.D. 1996). Res judicata prevents the litigation
 
 *865
 
 of claims that were raised, or could have been raised, in a prior action between the same parties or their privies and were resolved by a final judgment in a court of competent jurisdiction.
 
 See, e.g.
 
 ,
 
 Williams Cty. v. Don Sorenson Invs., LLC
 
 ,
 
 2017 ND 193
 
 , ¶ 9,
 
 900 N.W.2d 223
 
 . Res judicata applies even if subsequent claims are based on different legal theories.
 
 See, e.g.
 
 ,
 
 Simpson v. Chicago Pneumatic Tool Co.
 
 ,
 
 2005 ND 55
 
 , ¶ 11,
 
 693 N.W.2d 612
 
 . We have indicated that res judicata and collateral estoppel do not apply unless the matter has been fully decided on its merits.
 
 See
 

 Hager v. City of Devils Lake
 
 ,
 
 2009 ND 180
 
 , ¶ 11,
 
 773 N.W.2d 420
 
 ;
 
 Fed. Land Bank v. Gefroh
 
 ,
 
 418 N.W.2d 602
 
 , 603 (N.D. 1988). This Court has not previously considered whether a dismissal based on a lack of standing is an adjudication on the merits.
 

 [¶ 9] Although the probate court denied Botteicher's claim to set aside the Warehouse transfer after determining that Botteicher lacked "standing" to assert the claim, it is not necessary to decide if the dismissal of that claim for lack of standing was a resolution on the merits. In addition to seeking to set aside the Warehouse transaction, Botteicher requested an evidentiary hearing, objected to the final accounting, sought formal testacy proceedings, sought the disqualification of the attorney representing the personal representative, moved for the appointment of herself as the personal representative and sought to keep the estate open alleging numerous items of her mother's personal property were missing from the inventory and appraisement. All of those claims were denied on their merits or were withdrawn by Botteicher.
 

 [¶ 10] Botteicher's objection to the final accounting and seeking to be appointed the personal representative of her mother's estate raised, or could have raised, the allegation that the personal representative failed to include assets of the estate such as the Warehouse in the final accounting. We may consider a district court's oral comments to explain its findings of fact or the rationale for its decision.
 
 See
 

 Global Acquisitions, LLC v. Broadway Park Ltd. P'ship
 
 ,
 
 2001 ND 52
 
 , ¶ 18,
 
 623 N.W.2d 442
 
 ;
 
 Gould v. Miller
 
 ,
 
 488 N.W.2d 42
 
 , 44 (N.D. 1992). It is clear that the probate court considered the merits of the Warehouse transaction when, during the hearing on the pending petitions or motions, the court noted in reference to the Warehouse transaction that the "personal representative told me twice today that he's satisfied that everything has been accounted for and is proper and he can see no reason to chase anything down on the particular deeds." The district court's denial of the claims which included, or could have included, the challenge to the Warehouse transfer, satisfies the requirement for a resolution on the merits.
 

 [¶ 11] The "failure to file an appeal from a final decree of distribution within the time specified bars a party to the probate proceedings from attacking the final decree of distribution if he received notice of the distribution hearing."
 
 Baukol-Noonan, Inc. v. Bargmann
 
 ,
 
 283 N.W.2d 158
 
 , 163 (N.D. 1979). Botteicher could have appealed from the final account and distribution to challenge the probate court's denial of her claims.
 
 See
 

 Estate of Powers
 
 ,
 
 552 N.W.2d 785
 
 , 787 (N.D. 1996) (reversing probate court ruling that alleged will beneficiary lacked standing to assert rights to estate property). Denial of the claims Botteicher raised or could have raised in the probate proceedings through the application of res judicata was therefore appropriate.
 

 III
 

 [¶ 12] Botteicher has raised two claims that she could not raise in the probate
 
 *866
 
 proceedings. Botteicher asserts that the district court erred in dismissing as a matter of law her interference with burial rights claim and her claim for intentional infliction of emotional distress.
 

 [¶ 13] We note that N.D.C.C. § 23-06-03 governing the disposition of a deceased individual's body has been amended since the death of the parties' father.
 
 See
 
 2017 N.D. Sess. Laws ch. 92, § 8. At the relevant time, N.D.C.C. § 23-06-03(1) provided the "duty of burying the body of a deceased individual devolves upon the surviving husband or wife." When their father died in January 2015, Pam Becker was appointed an emergency guardian for her mother "with unlimited authority to make decisions for [her mother] in the following areas: ... legal."
 
 See
 
 N.D.C.C. § 30.1-28-12(1) (guardian "has only the powers and duties specified by the court"). Under the guardianship, at the time of their father's death Pam Becker had the power of direct disposition of the body and was under no duty to engage in consultation with other family members. Because Pam Becker was under no duty to engage in consultation with other family members regarding the disposition of their father's body, the district court appropriately dismissed Botteicher's interference with burial rights claim.
 

 [¶ 14] Botteicher argues the district court erred in dismissing as a matter of law her claim for intentional infliction of emotional distress. Botteicher claimed that neither she nor the parties' mother wanted the parties' father cremated. An affidavit Botteicher provided to the district court included the following:
 

 Pam [Becker] failed to inform my daughter [Alexandra] or myself [Botteicher] of my father, John Barth's impending death and in fact, had my father cremated within 34 hours of his death without informing us. We did not get to view my father's body and did not get to say our farewells to him. We had to learn of his death in the newspaper.
 

 Because the district court relied in part on this affidavit, the motion to dismiss must be treated as a motion for summary judgment.
 
 See
 

 Estate of Nelson
 
 ,
 
 2015 ND 122
 
 , ¶ 5,
 
 863 N.W.2d 521
 
 . Summary judgment is appropriately granted if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law.
 
 Id.
 
 at ¶ 6.
 

 [¶ 15] The first element for establishing intentional infliction of emotional distress is "extreme and outrageous conduct" consisting of conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."
 
 Muchow v. Lindblad
 
 ,
 
 435 N.W.2d 918
 
 , 924 (N.D. 1989) (internal citation omitted). Whether the threshold of extreme and outrageous conduct has been met is a question of law for the court to decide.
 
 See
 

 Hysjulien v. Hill Top Home of Comfort, Inc.
 
 ,
 
 2013 ND 38
 
 , ¶ 41,
 
 827 N.W.2d 533
 
 . The district court determined that "while perhaps insensitive or inconsiderate or even oppressive," reasonable persons could not differ that this conduct failed to meet the threshold level. We agree with the district court that, as a matter of law, Botteicher failed to meet the threshold of extreme and outrageous conduct required to support a claim for intentional infliction of emotional distress.
 

 [¶ 16] Botteicher also argues the district court erred in dismissing Alexandra's conversion claim. Alexandra has not appealed from the judgment. Although Botteicher includes the issue in her appeal, Botteicher lacks standing to appeal the conversion claim on behalf of Alexandra.
 
 See
 

 *867
 

 McColl Farms, LLC v. Pflaum
 
 ,
 
 2013 ND 169
 
 , ¶ 10,
 
 837 N.W.2d 359
 
 . Therefore, we do not address the issue.
 

 IV
 

 [¶ 17] Botteicher asserts that the district court abused its discretion in awarding attorney fees. The Beckers requested a recovery of $10,000 in attorney fees associated with these proceedings. The court awarded the Beckers a recovery of $5,000 of attorney fees after determining that the claims asserted by Botteicher were frivolous.
 

 [¶ 18] This Court has discussed the various sources of a district court's authority to impose sanctions for frivolous pleadings:
 

 The district court has authority to stem abuses of the judicial process, which comes not only from applicable rules and statutes, such as N.D.R.Civ.P. 11, but "from the court's inherent power to control its docket and to protect its jurisdiction and judgments, the integrity of the court, and the orderly and expeditious administration of justice."
 
 Federal Land Bank v. Ziebarth
 
 ,
 
 520 N.W.2d 51
 
 , 58 (N.D. 1994). A district court has discretion under N.D.C.C. § 28-26-01(2) to decide whether a claim is frivolous and the amount and reasonableness of an award of attorney fees, but when the court decides a claim is frivolous, the court must award attorney fees.
 
 See
 

 Strand v. Cass Cnty.
 
 ,
 
 2008 ND 149
 
 , ¶¶ 12-13,
 
 753 N.W.2d 872
 
 . "A claim for relief is frivolous under N.D.C.C. § 28-26-01(2) only if there is such a complete absence of actual facts or law a reasonable person could not have expected a court would render a judgment in that person's favor."
 
 Estate of Dion
 
 ,
 
 2001 ND 53
 
 , ¶ 46,
 
 623 N.W.2d 720
 
 .
 

 Estate of Pedro v. Scheeler
 
 ,
 
 2014 ND 237
 
 , ¶ 14,
 
 856 N.W.2d 775
 
 .
 

 [¶ 19] The district court provided the following rationale for awarding the Beckers their attorney fees:
 

 The Court concludes that: 1) there is such a complete absence of actual facts or law as concerns Botteicher's claims that a reasonable person could not have thought a court would render judgment in Botteicher's favor; and 2) Beckers, as the prevailing party, have in responsive pleadings alleged the frivolous nature of the claim. Neither is this Court persuaded that Botteicher's claims are supported by a good-faith argument for an extension, modification, or reversal of the existing law.
 

 [¶ 20]A district court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination.
 
 See, e.g.
 
 ,
 
 Kautzman v. Doll
 
 ,
 
 2018 ND 23
 
 , ¶ 13,
 
 905 N.W.2d 744
 
 . We conclude the district court did not abuse its discretion in finding Botteicher's claims in this proceeding to be frivolous and awarding the Beckers a recovery of their attorney fees. We affirm the court's award of attorney fees.
 

 V
 

 [¶ 21] The decision of the district court dismissing all of Botteicher's claims and awarding the Beckers a recovery of their attorney fees is affirmed. Costs on appeal are taxed against Botteicher consistent with, and limited to, the provisions of N.D.R.App.P. 39.
 

 [¶ 22] Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.